JENNIFER WALKER ELROD, Circuit Judge,
concurring:
I write to address the opinion dissenting from denial of rehearing, which proceeds on the incorrect premise that the panel opinion created a new constitutional rule. From reading the dissent, one might even think the panel opinion created the knock- and-announce requirement itself. To the contrary, of course, the knock-and-announce requirement has existed for many, many years. It was Officer Wade who sought the creation of a new, per se exception to the knock-and-announce requirement. The panel merely declined that invitation and affirmed the district court’s determination that material fact issues preclude summary judgment.
In Richards v. Wisconsin, 520 U.S. 385, 117 S.Ct. 1416, 137 L.Ed.2d 615 (1997), the Supreme Court held that police officers entering a dwelling must knock on the door and announce their identity before entering, unless they “have a reasonable suspicion that knocking and announcing their presence, under the particular circumstances, would be dangerous or futile, or that it would inhibit the effective investigation of the crime by, for example, allowing the destruction of evidence.” Id. at 394, 117 S.Ct. 1416. At the summary judgment stage of this case, the district court ruled that fact issues precluded summary judgment on the question of whether Officer Wade had reasonable suspicion that knocking and announcing his presence was dangerous or futile, or that it would inhibit effective investigation of a crime. The district court therefore denied Officer Wade summary judgment on qualified immunity grounds, stating that “there is a fact issue that Wade did not have a reasonable suspicion of activity that otherwise would negate the need to knock and announce his presence prior to entry.”[1]
In an effort to avoid the district court’s determination that fact issues precluded summary judgment, Officer Wade asked the panel to create a new, per se exception to the knock-and-announce rule that would eliminate the knock-and-announce requirement for officers who are in “hot pursuit” of a suspect. Although “hot pursuit” is an *496 exception to the warrant requirement, neither the Supreme Court nor our court has recognized it as an exception to the knock- and-announce rule. The panel declined to create this new, per se, “hot pursuit” exception, see Panel Op. at 17-18, reasoning that “hot pursuit” does not always make knocking and announcing “futile,” because other occupants in a house also are protected by the rule, id. at 11-16.[2] The panel therefore held that Officer Wade’s “hot pursuit” did not automatically excuse him from the requirements of the knock- and-announce rule. Id. at 18-19.
Officer Wade then argued that even if he violated the law, he did not violate “clearly established” law because no Supreme Court case clearly establishes that “hot pursuit” is not an exception to the knock-and-announce rule. That is not the correct framework for the analysis. When a party proposes a new exception to a constitutional rule, we do not ask whether the non-existence of that exception has been clearly established. Instead, we ask whether the constitutional rule itself is clearly established. Any other approach would allow officers to obtain qualified immunity in every single case simply by proposing a novel exception to the knock-and-announce rule and then pointing out that the novel exception had never before been rejected. See Panel Op. at 20 n.12.
The panel’s approach was the same as the Supreme Court’s in Groh v. Ramirez, 540 U.S. 551, 124 S.Ct. 1284, 157 L.Ed.2d 1068 (2004). In Groh, the officer argued that the Court should create a new exception to the particularity requirement; “Petitioner asks us to hold that a search conducted pursuant to a warrant lacking particularity should be exempt from the presumption of unreasonableness if the goals served by the particularity requirement are otherwise satisfied.” Id. at 560, 124 S.Ct. 1284. The Supreme Court declined to create this new exception and then held that the particularity requirement (i.e. the constitutional rule) was clearly established, even though the Court had not previously addressed the petitioner’s proposed exception thereto. The Court explained:
No reasonable officer could claim to be unaware of the basic rule, well established by our cases, that, absent consent or exigency, a warrantless search of the home is presumptively unconstitutional.... [Petitioner is asking us, in effect, to craft a new exception. Absent any support for such an exception in our cases, he cannot reasonably have relied on an expectation that we would do so.
Id. at 564-65, 124 S.Ct. 1284.[3]
Like the officer in Groh, Officer Wade asked the panel to create a new exception *497 to the knock-and-announee rule. Like the Court in Groh, the panel did not create the exception. Further, as in Groh, the panel held that no reasonable officer would be unaware of the constitutional rule that a no-knock entry is unconstitutional unless the officer has reasonable suspicion that knocking and announcing would be futile or dangerous or could jeopardize evidence. See Panel Op. at 20-21. Because the district court ruled that fact issues precluded a finding that any of those exceptions applied, and because the panel lacked jurisdiction on interlocutory appeal to review that conclusion, the panel held that Officer Wade was not entitled to summary judgment.
The dissent misunderstands the panel opinion. The dissent insists that the panel opinion created a new rule, which the dissent describes as requiring that an officer have “a reasonable suspicion of futility as to all occupants before making a no-knock entry.” This surely is the rule, but it is not one of the panel’s creation; rather, this rule has existed for quite some time. See generally Wilson v. Arkansas, 514 U.S. 927, 931-36, 115 S.Ct. 1914, 131 L.Ed.2d 976 (1995) (describing the common law background of the knock-and-announce rule). The dissent fixates on the phrase “all occupants,” as if the panel opinion’s recognition that more than one person can live in a house was some sort of revelation. But alerting the residents of a house to your presence is not “futile” just béeause one of those residents already knows you are there — the other residents are also protected by the knock-and-announce requirement and may be willing to answer the door. The soundness of this principle is nowhere more evident than in this case, where, according to the plaintiffs, Officer Wade knew he whs chasing a suspect into the suspect’s parents’ house, at a time when the parents likely were asleep.
The dissent’s expressed concern about “[t]he public safety consequences of this holding for the hapless officer and the residential occupants” is misplaced at best. As noted above, the knock-and-announce rule has a separate exception that applies when knocking and announcing might create danger to the officers or the occupants of the house. See, e.g., Richards, 520 U.S. at 394, 117 S.Ct. 1416. In this case, however, Officer Wade “declined to present evidence that spoliation or public danger were legitimate concerns.”
Simply put, neither the Supreme Court nor this court has recognized a per se “hot pursuit” exception to the knock-and-announce rule, and fact issues precluded the district court from deciding that Officer Wade had reasonable suspicion that knocking and announcing would have been futile under the circumstances of this case. Moreover, the knock-and-announce rule and its pre-existing exceptions are clearly established in the law, such that-on plaintiffs’ version of the facts — a reasonable officer would have known that he could not enter the plaintiffs’ house without knocking and announcing. Accordingly, the panel agreed with the district court that fact issues precluded summary judgment, and this court correctly denied the petition for en banc rehearing.

. Officer Wade entered the house without knocking or announcing twice-he initially entered the house and stood inside the threshold for approximately ninety seconds; he then exited, met with backup officers, and re-entered, again without knocking or announcing his identity or purpose.

. The knock-and-announce rule "serves a number of most worthwhile purposes: (i) decreasing the potential for violence; (ii) protection of privacy; and (iii) preventing the physical destruction of property.” Wayne R. LaFave, 2 Search & Seizure § 4.8(a) (5th ed.). Even when an officer is in hot pursuit of a suspect, knocking and announcing decreases the possibility that other residents of the house respond violently to an unannounced entry; knocking and announcing protects the privacy of the other residents; and knocking and announcing prevents officers from breaking down a house’s front door when another resident might have opened it voluntarily. Accordingly, the panel declined to hold that, as a'matter of law,, officers always can enter without knocking and announcing just because they are pursuing one of the residents of a house.

. In light of Groh, the dissent’s reliance on Carroll v. Carman, - U.S. -, 135 S.Ct. 348, 190 L.Ed.2d 311 (2014) (per curiam), is misplaced. In that case, the Third Circuit improperly held the officer to a narrow conception of a rule that had never before been interpreted so narrowly. In our case, Wade presses an expansive construction of the futility exception, which has never b'een interpret *497 ed so broadly. Officer Carroll was entitled to rely on the rule as it stood; Officer Wade was not entitled to rely on an expectation that the rule would expand to encompass his conduct. See Groh, 540 U.S. at 565, 124 S.Ct. 1284.